1  RICK D. NAVARRETTE (CA Bar No. 122653)
   rnavarrette@fbtlaw.com
2  FROST BROWN TODD LLP
   633 W. Fifth Street, Suite 900
3  Los Angeles, CA 90071
   Tel:  (213) 229-2400
4  Fax:  (213) 229-2499

5

   Attorneys for Plaintiffs
6  Kiari Cephus, professionally known as
   "Offset" and Sallie Smith, LLC
7

8

9                  **UNITED STATES DISTRICT COURT**

10                 **CENTRAL  DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| KIARI CEPHUS, professionally known as "Offset,; and SALLIE SMITH, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE DALTON ROSE, professionally known as "CHASETHEMONEY,"; and DOES 1 through 25, inclusive.<br><br>Defendants. | **CASE NO.:** 2:25-cv-02173 AB(RAOx)<br><br>**Judge:** Hon. Andre Birotte, Jr.<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT CHASE DALTON ROSE; MEMORANDUM OF POINTS AND AUTHORITIES  IN SUPPORT**<br><br>**DATE:**     July 25, 2025<br>**TIME:**      10:00 a.m.<br>**COURTROOM:**  7B<br><br>[Declaration of Rick D. Navarrette in Support of Motion for Order; and Proposed Order] |

Plaintiffs Kiari Cephus, p/k/a Offset and Sallie Smith, LLC ("Plaintiff"), by and through their undersigned counsel, respectfully move this for an Order (1) permitting alternative service of process of the summons and Complaint on Chase Dalton Rose p/k/a CHASETHEMONEY ("Defendant").

## I. INTRODUCTION

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, seeking a judicial determination of the rights and obligations as between Plaintiff and Defendant under a music Producer Agreement. The Complaint was filed on March 11, 2025. Plaintiff through counsel has diligently attempted to serve Defendant with the summons and Complaint by personal service, substituted service and certified mail as authorized by California law. To date, however, despite exercising reasonable diligence, service of process has not been effectuated upon Defendant.

On June 6, 2025, Plaintiff filed an Ex Parte Application seeking an Order (1) extending the time to complete service of process on Defendant for a period of 35 days from June 11, 2025 to July 16, 2025, or such time that the Court in its discretion finds is reasonable under the circumstances and (2) permitting alternative service of process of the summons and Complaint on Chase Dalton Rose. On June 12, 2025, the Court granted an extension of time for Plaintiff to complete service of process from June 11, 2025 to August 29, 2025. The Court denied Plaintiff's request to allow alternative service of process by ex parte application, while noting that such a request could be made by noticed motion. [Docket No. 12.]

In this noticed Motion, and Plaintiff seeks an Order permitting alternative service of process of the Summons and Complaint on Chase Dalton Rose based upon a showing of diligence in prosecution the action and good cause,

## II. FACTUAL BACKGROUND

Plaintiff Kiari Cephus is professionally known as "Offset". He resides in Georgia. Offset is a world-famous recording artist. Plaintiff Sallie Smith, LLC is a foreign limited liability company with the State of Georgia. Sallie Smith, LLC was

**MOTION FOR AN ORDER PERMITTING ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT CHASE DALTON ROSE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

FROST BROWN TODD LLP
LOS ANGELES

formed to furnish Offset's services as a recording artist and engage producers. Defendant Chase Dalton Rose resides in California. In 2022, Offset began strategizing for his solo album, "Set It Off," released on October 13, 2023. Offset and his team discussed with Defendant the possibility of producing a sound recording for the album. The recording, titled "Worth It," was confirmed to be included in the album. J. Hill, Defendant's agent and manager, confirmed his representation of Defendant and agreed to the producer terms. Defendant's consent to the terms of the Producer Agreement was confirmed in writing by J. Hill. A valid and enforceable Producer Agreement was entered into on October 5, 2023, with customary industry standard producer terms would be memorialized in a standard long-form producer agreement at a later time with, among other things, a producer fee of $20,000 and a 4% royalty payable to Defendant. (See Complaint, ¶ 10 to 23, generally.)

### III. CLAIM FOR RELIEF: DECLARATORY RELIEF

An actual controversy exists between Offset and Defendant concerning their rights and duties under the Producer Agreement. Offset contends that the Producer Agreement is valid and enforceable, and that J. Hill had authority to agree to its terms on behalf of Defendant as an actual and ostensible agent and manager. Defendant disputes the existence, validity, and enforceability of the Producer Agreement. A judicial declaration is necessary to ascertain the parties rights and obligations in and to the Producer Agreement. Offset seeks a declaration that the Producer Agreement is valid, binding, and enforceable, and that J. Hill had authority to agree to its terms. Offset also seeks a declaration that he has fulfilled all obligations under the agreement, costs of suit, and any other relief deemed just and proper by the court. (Complaint, ¶¶ 24 to 27 and Prayer for Relief.)

///

///

///

MOTION FOR AN ORDER PERMITTING ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT CHASE DALTON ROSE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## IV. FACTUAL BACKGROUND REGARDING DILIGENT ATTEMPTS TO SERVE DEFENDANT

### A. Communications with Defendant's Legal Representative Re: Accepting Service on Behalf of Defendant

After the Complaint was filed, Plaintiff's counsel engaged in settlement discussions with attorney Mason Wolfe, who had identified himself as a legal representative for Defendant in connection with this matter prior to the filing of the action. When the settlement discussions failed to result in resolution of the matter, Plaintiff's counsel requested that Mr. Wolfe ask Defendant to give him (Mr. Wolfe) the authority to accept service of process on behalf of Defendant. After some substantial delay, Mr. Wolfe eventually advised Plaintiff's counsel that he did not have the authority to accept service on behalf of Defendant. (See, Declaration of Rick D. Navarrette ("Navarrette Decl."), ¶¶ 5-6.)

### B. Plaintiff's Diligent Attempts to Serve the Summons and Complaint on Defendant

Plaintiff through counsel made multiple attempts to serve Defendant at his known business address at 3747 Cahuenga Blvd., Ste. 200, Studio City, CA. These attempts occurred on April 25, April 28, April 29, May 1, and May 2, 2025. The process server's Affidavit of Due Diligence notes that he was unable to gain access to the building and suite where Defendant operates several businesses, further complicating service efforts. Each attempt to serve Defendant was unsuccessful due to the secured nature of the location, the lack of response at the call box and the inability to serve the summons and Complaint and related documents with a person in charge over the age of 18 years. (Navarrette Decl., ¶ 8, and Exhibit "1" attached thereto.)

Plaintiff's counsel retained an investigator to conduct extensive search of public records for the purpose of identifying other possible residence and/or business addresses where the summons and Complaint could be served. In addition, Plaintiff's

investigator performed a search on social media in an effort to find any information about Defendant's business or residence addresses. (Navarrette Decl., ¶ 9.) The investigator found in a public records search that Defendant is the Chief Executive Officer of Hall of Hits Records, LLC, with a business address at 3747 Cahuenga Blvd. Suite 200, Studio City, CA 91604. Defendant is also listed as Chief Executive Officer in public records of CTM! Merch, LLC and CTM Recording Studio LLC, both of which appear to share the same business address at 3747 Cahuenga Blvd. Suite 200 in Studio City, CA. (Navarrette Decl., ¶ 10.)

The above public records search confirmed without question that Defendant owns and operates several businesses at 3747 Cahuenga Blvd. Suite 200, Studio City, CA 91604. Nevertheless, multiple attempts to serve Defendant at the Cahuenga address have been unsuccessful, primarily due to the process server's inability to gain access to a door to the business, the secured nature of the location, the lack of response at the call box and the inability to serve the summons and Complaint and related documents with a person in charge over the age of 18 years. (Navarrette Decl., ¶ 10)

### C. **Efforts to Serve Defendant By Certified Mail**

The investigation revealed that Defendant's current residence is at 15730 Klamathon Rd, Hornbrook, CA, 96044. (Navarrette Decl., ¶ 11.) Plaintiff attempted service by certified mail at Defendant's residence address at 15730 Klamathon Rd, Hornbrook, CA, 96044. Plaintiff also attempted to serve Defendant by certified mail at his business address at 3747 Cahuenga Boulevard, Suite 200, Studio City, CA 91604. These efforts to serve Defendant by certified mail were similarly unsuccessful due to Defendant's refusal to sign for the certified mail with a return receipt. Consequently, Plaintiff has been unable to effectuate service of process on Defendant by certified mail. (Navarrette Decl., ¶¶ 11-12.)

///

## V. LEGAL ARGUMENT

### A. ALTERNATIVE SERVICE ON DEFENDANT BY EMAIL IS WARRANTED

Under California law, service of process can be made by personal delivery of the summons and Complaint directly to the defendant. See California *Code of Civil Procedure* § 415.10. Substituted service is allowed when personal delivery cannot be accomplished with reasonable diligence. This method involves leaving a copy of the summons and complaint with a competent person at the defendant's residence or place of business and then mailing a copy to the same address. California *Code of Civil Procedure* § 415.20. Service by mail is accomplished by sending a copy of the summons and complaint to the defendant or an authorized representative by first-class mail, postage prepaid, with a return receipt requested. California *Code of Civil Procedure* § 415.30.

Pursuant to Federal Rule of Civil Procedure 4(e), a court may authorize alternative methods of service when traditional methods have proven ineffective. The alternative method of service must comply with constitutional notions of due process. To meet this due process requirement, the alternative method of service must be " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (Jackson, J.).

In the case of *SDLA Courier Service, Inc. v. City Capital NY LLC.,* 2024 WL 5316974 (CD CA), the court permitted alternative service under similar circumstances as present here. There, the plaintiff attempted personal service, substituted service and service by mail on the defendants to no avail. The Court found that those methods of service turned out to be impractical, and ruled that service by email was an acceptable method of providing due process notice to the defendant.

As shown above, before an attempt to serve the Complaint on Defendant was made, Plaintiff's counsel attempted to resolve the matter without further litigation through settlement negotiations with Defendant's identified legal representative. When the settlement discussions proved unproductive, Plaintiffs' counsel requested that Defendant's legal representative ask for authority to accept service of the summons and Complaint on Defendant's behalf. After a delayed response, Defendant's legal representative stated that Defendant would not give him authority to accept service of the summons and Complaint on behalf of Defendant. (Navarrette Decl., ¶¶ 5-6.)

Plaintiff's counsel thereafter retained an investigator to conduct an extensive search of public records for the purpose of identifying a residence and/or additional business addresses where the summons and Complaint could be served on Defendant. The investigator found in a public records search that Defendant is the Chief Executive Officer of various businesses, all of which list 3747 Cahuenga Blvd. Suite 200, Studio City, CA 91604 as a current business address. The investigator also determined from a public records search that Plaintiff's current residence is 15730 Klamathon Rd, Hornbrook, CA, 96044. (Navarrette Decl., ¶¶ 9-11.) Plaintiff attempted service of process by certified mail at Defendant's residence but that did not succeed.

Plaintiff retained a process server to serve Defendant at his known business address at 3747 Cahuenga Boulevard, Suite 200, Studio City, CA. Service of process could not be completed after numerous diligent attempts to serve Defendant by personal service and substituted service at 3747 Cahuenga Boulevard, Suite 200, Studio City, CA. (Navarrette Decl., ¶¶ 7-8.)

The process server attempted service on six (6) separate occasions between April 25, 2025 and May 2, 2025. On each occasion, the process server was denied access to the front door or never received a response at the call box at the location. (See, Affidavit of Due Diligence attached as Exhibit 1 to the Navarrette Decl.)

Defendant knows that the Complaint was been filed (due to discussions with Defendant's legal representative) and that Plaintiff intends to serve Defendant with the Complaint. Defendant is avoiding the process server by hiding behind a locked door and call box.

When faced with these obstacles to completing service of the Complaint, Plaintiff through counsel diligently moved forward and retained an investigator to conduct a search for information about Defendant in public records and on social media. (Facebook 2, YouTube 2, Instagram 3, MySpace, Snapchat, Telegram, Deleted Twitter, Foursquare, WhatsApp, SoundCloud, Eyeem, PayPal, Flickr(2)). As a result of the investigator's search of social media accounts, Plaintiff's investigator determined that Defendant is known to have used the following e-mail addresses: chaserose123@yahoo.com, chasethemoney@icloud.com, chasethemoneybeats@yahoo.com, lakaiskater158@aim.com. In addition, the investigator determined based on Plaintiff's social media accounts that Defendant utilizes cell phone numbers (917) 705-2513 and (470) 656-0792. (Navarrette Decl., ¶ 13.)

Plaintiff and his counsel have exhibited great diligence in their attempt to serve Defendant. It appears, however, that Defendant is aware of the existence of the Complaint, and Defendant wishes to evade service for as long as possible in the hope that it will simply go away. The case will not just go away. Defendant's evasion of traditional methods of service of process and the availability of reliable electronic contact information justify Plaintiff's request for permission to use alternative means to serve of the summons and Complaint by email at the email addresses noted above: chaserose123@yahoo.com, chasethemoney@icloud.com, chasethemoneybeats@yahoo.com, lakaiskater158@aim.com. Based on the foregoing, Plaintiff submits that service of process by alternate means via email sufficiently apprises Defendant of the pendency of the action and affords him a reasonable opportunity to present his defense, thereby satisfying due process requirements.

Based on the foregoing, Plaintiff submits that service of process by alternate means via email sufficiently apprises Defendant of the pendency of the action and affords him a reasonable opportunity to present his defense, thereby satisfying due process requirements.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Alternative Service of Process, allowing service via email.

DATED: July 1, 2025                    FROST BROWN TODD LLP

By: */s/ Rick D. Navarrette*
RICK D. NAVARRETTE
Attorneys for Plaintiffs
KIARI CEPHUS and SALLIE SMITH, LLC

0160480.0803158   4932-0442-6322v1