1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10  | KIARI CEPHUS, professionally known     | Case No. 2:25-cv-02173 AB(RAOx)
    | as "Offset,; and SALLIE SMITH, LLC,    |
11  |                                        | **ORDER PERMITTING**
    |                   Plaintiffs,          | **ALTERNATIVE SERVICE OF**
12  |                                        | **PROCESS ON DEFENDANT**
    |          v.                            | **CHASE DALTON ROSE**
13  |
14  | CHASE DALTON ROSE,
    | professionally known as
15  | "CHASETHEMONEY,"; and DOES 1
    | through 25, inclusive,
16  |
    |                   Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

Before the Court is a Motion by Plaintiffs Kiari Cephus, professionally known as "Offset" and Sallie Smith, LLC Gate (collective hereinafter "Plaintiffs") for an Order Permitting Alternative Service of Process on Defendant Chase Dalton Rose ("Motion"). No opposition was filed. Finding the matter suitable for decision without oral argument, the Court **VACATES** the hearing set for August 1, 2025. For the following reasons, Plaintiffs' Motion is **GRANTED.**

## BACKGROUND

Plaintiffs initiated this action against Chase Dalton Rose p/k/a CHASETHEMONEY ("Defendant") seeking declaratory relief with this Court. Plaintiffs have been unable to effect service upon Defendant in this matter. On March 11, 2025, Plaintiffs filed the instant Complaint. Dkt. No. 1. In March 2025, settlement discussions between Plaintiffs' attorney Rick Navarrette and with Defendant's attorney Mason Wolfe began. Declaration of Rick Navarrette ("Navarrette Decl.") ¶ 5. However, they did not result in a resolution of the matter. Navarrette Decl. ¶ 5. Then, in early April of 2025, Plaintiffs' attorney requested Defendant's attorney seek the authority to accept service of process on behalf of the Defendant. Navarrette Decl. ¶ 6. After several weeks, Defendant's attorney informed Plaintiffs' attorney he did not have the authority to accept. *Id.*

Plaintiffs' attorneys proceeded to retain a process server to serve Defendant at his business address. Navarrette Decl. ¶ 7. This address is 3747 Cahuenga Blvd., Ste. 200, Studio City, CA. Navarrette Decl. ¶ 8. Various business documents, and an investigation of public records, confirmed this address as Defendant's business address. Navarrette Decl. ¶ 9. Attempts to serve Defendant at this address occurred April 25, April 28, April 29, May 1, and May 2, 2025. Navarrette Decl. ¶ 8. Because of the location's secured nature, lack of response at the call box, and the inability to serve the summons and Complaint to a person in charge over the age of 18 years, service was not effectuated. *Id.*

An investigation also revealed Defendant's current residence as 15730

Klamathon Rd, Hornbrook, CA, 9604. Navarrette Decl. ¶ 10. In mid-May of 2025, Plaintiffs attempted to serve defendant by certified mail at both the business address and resident address. Navarrette Decl. ¶ 12. During the investigation, Defendant's email addresses were also found. *Id*. The following email addresses belong to Defendant: chaserose123@yahoo.com, chasethemoney@icloud.com, chasethemoneybeats@yahoo.com, lakaiskater158@aim.com. Navarrette Decl. ¶ 13. Given the difficulty Plaintiffs have had in serving Defendant, Plaintiffs now seek an Order permitting alternative service of process of the summons and Complaint on the Defendant.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 4(e)(1), provides that a party may serve an individual or a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

As this Court is located in California, it may authorize service of process in conformity with California law. Relevant here, California Code of Civil Procedure § 413.30 provides that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Civ. Code § 413.30. A court may order alternative means of service under Federal Rule of Civil Procedure 4 and California Code of Civil Procedure § 413.30 "when plaintiffs' reasonable attempts to effect service via expressly sanctioned techniques have failed." *Mesa Underwriters Specialty Ins. Co. v. Hulett*, 2022 WL 2189360, at *1 (C.D. Cal. May 19, 2022). Courts in this district have held that service by email is only reasonably calculated to give notice where the plaintiff gives the Court "reason to believe that a defendant's email address is valid." *Sendzul v. Hoag*, No. 21-cv-06894-RGK (KS), 2022 WL 2124903, at *2 (C.D. Cal. Apr. 14, 2022)

3

1  (internal citations omitted).

2          Pursuant to California law, service on an individual may be effectuated by: "(1)

3  personal delivery of the summons and complaint to the individual to be served or to an

4  authorized agent; (2) leaving a copy of the summons and complaint with a responsible

5  person at the individual's home, office, or mailing address and thereafter mailing a

6  copy to the individual at such home, office, or mailing address [i.e., substituted

7  service], or (3) mailing a copy to the individual with a notice and acknowledgment."

8  *Littlejohn v. Denno*, 9 F.3d 1552 (9th Cir. 1993) (citing Cal. Code Civ. P. §§ 415.10,

9  415.20, 415.30, & 416.90).

10          "Ordinarily, ... two or three attempts at personal service at a proper place should

11  fully satisfy the requirement of reasonable diligence and allow substituted service to

12  be made." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal.

13  1995) (quoting *Bein v. Brechtel–Jochim Group, Inc.*, 6 Cal.App.4th 1387, 1390

14  (1992)) (citing *Espindola v. Nunez*, 199 Cal.App.3d 1389, 1392 (1988)).

15  DISCUSSION

16          Plaintiffs move to serve the summons and Complaint by email to Defendant's

17  verified email accounts associated with various social media accounts. Having

18  reviewed the Plaintiffs' papers, the Court finds that this alternative method of service

19  is proper and reasonably calculated to provide notice to the Defendant of this action,

20  thereby satisfying the requirements of Rule 4(e)(1). In April of 2025, Plaintiffs sought

21  permission to serve the Defendant via a legal representative. In April and May of

22  2025, Plaintiffs hired a process server who made five visits to Defendants business

23  address in attempts to effectuate service. Then, Plaintiffs attempted to serve the

24  Defendant via certified mail at both his business and residential addresses. In total,

25  Plaintiffs have made at least seven attempts to serve Defendant at his business

26  address, residential address, and via a legal representative. As such, Plaintiff has

27  demonstrated that Defendant "cannot with reasonable diligence be served in another

28  manner." *See Entrepreneur Media, Inc. v. Casey*, No. 818CV01058JLSAGR, 2018

WL 6424515, at *2 (C.D. Cal. Oct. 1, 2018) (quotation and citation omitted) (collecting cases).

In order to proceed, email service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950). However, the Court recognizes that Rule 4 "is a flexible rule that should be liberally constructed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co*., 736 F.2d 1371, 1382 (9th Cir.1984). In addition, an interpretation of the Due Process Clause that places "impossible or impractical obstacles in the way [of effectuating service] could not be justified." *Mullane*, 339 U.S. at 313–14.

Here, Plaintiffs proposed an alternative means of service—emailing the Defendant at four known email addresses—that meets the aforementioned requirements. Notably, the Central District has allowed alternative service by email where it is the method most likely to reach the defendant. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (finding that service of process by email was proper where it was reasonably calculated as a manner of informing defendant of the pending action). Plaintiffs have linked each email address to social media accounts used by Defendant. Because Defendant likely has notice of the pending suit through the settlement negotiations with his attorney and because Plaintiffs have diligently attempted to serve Defendant pursuant to California law, the Court finds email service is the most likely method to afford Defendant an opportunity to object. In sum, Defendant appears to be evading service. Under these circumstances, the Court finds that service by email is the best method for providing actual notice to Defendant.

## **CONCLUSION**

Accordingly, the Court **GRANTS** Plaintiff's Motion for alternative service. Within fourteen (14) days of effecting service, Plaintiff is **ORDERED** to file with the

1  Court a Proof of Service that confirms it sent Defendant the complaint and summons

2  via the foregoing methods.

3

4        **IT IS SO ORDERED.**

5

6  Dated: July 31, 2025                    _____

7                                          HON. ANDRÉ BIROTTE JR.
                                           UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28