PAUL N. PHILIPS, Esq., SBN 18792
e-mail: pnp@pnplegal.com
**LAW OFFICES OF PAUL N. PHILIPS, APLC**
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California 90210
Telephone: (323) 813-1126

Attorneys for Defendant / Counter-Claimant CHASE DALTON ROSE p/k/a "CHASETHEMONEY"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA CEPHUS, professionally known as "Offset;" and SALLIE SMITH, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>CHASE DALTON ROSE, professionally known as "CHASETHEMONEY," and DOES 1 through 25, inclusive,<br><br>    Defendants.<br>_____<br>CHASE DALTON ROSE, professionally known as "CHASETHEMONEY,"<br><br>    Counter-Claimant,<br><br>v.<br><br>KIARA CEPHUS, professionally known as "Offset;" and SALLIE | CASE NO.: 2:25-cv-02173 AB (RAOx)<br><br>**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND JURY DEMAND OF DEFENDANT CHASE DALTON ROSE P/K/A "CHASETHEMONEY"** |

| | |
|---|---|
| SMITH, LLC, | ) |
| Counter-Defendants. | ) )  ) ) |

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' COMPLAINT; COUNTERCLAIMS; JURY DEMAND**

Defendant, CHASE DALTON ROSE, professionally known as "CHASETHEMONEY," (hereinafter "Defendant"), by and through undersigned counsel, files this answer, affirmative defenses, and counterclaim to the Complaint of Plaintiffs, KIARA CEPHUS, professionally known as "Offset" and SALLIE SMITH, LLC (hereinafter "Plaintiffs"), as follows:

1. Admit.
2. Admit.
3. Admit.
4. Admit, but unknown as to the location of Plaintiff's residence.
5. Unknown.
6. Admit.
7. Admit.
8. Unknown.
9. Unknown.
10. Unknown.
11. Admit.
12. Admit.
13. Deny.
14. Unknown.
15. Unknown.
16. Deny.
17. Deny.

18. Deny.
19. Deny.
20. Deny.
21. Deny.
22. Admit.
23. Deny.
24. Admit.
25. Admit.
26. Admit.
27. Admit.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – No Authority/Agency

At all relevant times, the individual identified by Plaintiffs as Defendant's "manager" (who goes by "JHill") was not Defendant's manager and had no actual, express, or implied authority to negotiate or bind Defendant to any contract, including the alleged producer agreement. JHill was Defendant's former manager who was terminated in 2019. Any purported acceptance of terms by such individual is not binding on Defendant.

### Second Affirmative Defense – No Apparent Authority

Plaintiff had no reasonable basis to believe that the alleged former manager, JHill, had authority to negotiate or agree to contract terms on Defendant's behalf. Defendant never made any representation to Plaintiff, directly or indirectly, that would create apparent authority in the alleged former manager aside from plainly stating that JHill would help with "logistics" of setting up recording sessions for Defendant. Plaintiff's agents or attorneys then took it upon themselves and began negotiating contract terms with JHill when they knew and/or should have known JHill did not have actual or apparent authority to commit to any terms of Defendant's behalf, nor did Plaintiff or Plaintiff's agents or attorneys undertake even minimal steps

to inquire with Defendant whether JHill had any authority to negotiate on Defendant's behalf.

### Third Affirmative Defense - Lack of Mutual Assent / No Meeting of the Minds

No valid contract exists between Plaintiff and Defendant because Defendant never consented to or assented to the alleged terms of the subject producer agreement. Without mutual assent, no enforceable agreement was formed.

### Fourth Affirmative Defense - Fraudulent or Unjust Reliance

To the extent Plaintiff relied on an unauthorized person's statements or actions, such reliance was unreasonable and unjustified under the circumstances. Plaintiff's reliance, if any, cannot form the basis for contract formation or enforcement against Defendant.

### Fifth Affirmative Defense - Ratification

Defendant did not ratify or adopt the alleged producer agreement. Defendant took no action that could reasonably be construed as affirming or accepting the terms of the alleged agreement.

### Sixth Affirmative Defense – Estoppel

Plaintiff is estopped from asserting that the alleged producer agreement is enforceable against Defendant because Plaintiff knew or should have known that the alleged former manager lacked authority to bind Defendant, and Plaintiff nevertheless proceeded at its own risk.

### Seventh Affirmative Defense - Unclean Hands

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands because Plaintiff seeks to enforce an agreement that it knew, or should have known, was not validly formed or authorized.

### Eighth Affirmative Defense - Lack of Consideration

No valid consideration flowed to Defendant under the alleged producer agreement, and therefore the agreement is unenforceable.

Defendant reserves the right to assert additional affirmative defenses that may become available or apparent during discovery and further proceedings.

## COUNTERCLAIM

Counter-Claimant, CHASE DALTON ROSE, professionally known as "CHASETHEMONEY," hereby sues KIARA CEPHUS, professionally known as "Offset" ("Offset") and SALLIE SMITH, LLC (hereinafter collectively referred to as "Counter-Defendants"), as follows:

## GENERAL ALLEGATIONS

1. Counter-Claimant Chase Dalton Rose p/k/a "CHASETHEMONEY" is a professional music producer.

2. Counter-Claimant wrote and produced the original song "Worth It," which was released and exploited by Counter-Claimant (the "Original Release").

3. Thereafter, agents of Offset contacted Counter-Claimant about having Offset add his vocals onto the song, proposing that Counter-Claimant take down the Original Release, and that Offset re-release it on Offset's album *Set It Off* (which was released on or about October 13, 2023) (hereinafter referred to as the "New Work").

4. Counter-Claimant took down the Original Release but all other terms were not agreed to when the New Work was released.

5. To date, no formal or informal agreement exists (let alone executed) between Counter-Claimant and Counter-Defendants concerning the New Work including but not limited to an agreement for the split of royalties, work-for-hire language, and/or the assignment of rights.

6. Absent an agreement for same, Counter-Claimant is deemed a co-author of the New Work with equal rights to the other authors.

7. Counter-Defendants received, used, and commercially exploited Counter-Claimant's production and contribution to the New Work by distributing and monetizing same on various streaming platforms and related channels, without paying Counter-Claimant anything for his services.

8. Counter-Defendants credit Counter-Claimant on all streaming platforms as a writer and producer of the New Work.

9. All revenues and value accrued from "Worth It" and the album *Set It Off* including but not limited to, master income (streams/sales/advances), publishing income, and other related to promotional/ancillary value, and potentially associated neighboring rights/publishing-adjacent components are within Counter-Defendants' exclusive control, and are subject to Counter-Claimant's claims asserted herein.

## COUNT I—UNJUST ENRICHMENT

10. Counter-Claimant incorporates paragraphs 1-9.

11. Counter-Claimant conferred a concrete benefit on Counter-Defendants at Counter-Defendants' request by supplying original writing and production services and materials used in the New Work.

12. Counter-Defendants knowingly accepted and retained that benefit, publicly released and monetized the resulting master recording and underlying copyrights and failed to pay Counter-Claimant the reasonable value of those services.

13. Under these circumstances, particularly where no signed producer/work-for-hire/assignment exists, it would be inequitable to allow Counter-Defendants to retain the benefits without restitution to Counter-Claimant.

**WHEREFORE** Counter-Claimant requests that this Court enter judgment for the restitution/disgorgement of unjust benefits in an amount to be determined at trial; pre- and post-judgment interest; and further equitable relief as the Court deems just.

## COUNT II—ACCOUNTING (EQUITABLE)

14. Counter-Plaintiff incorporates paragraphs 1-9.

15. The proceeds and value attributable to the New Work arise from multiple, complex revenue streams, the details of which (e.g., label/distributor/DSP statements, advances, side letters) are within Counter-Defendants' exclusive possession.

16. A full accounting is necessary and appropriate to determine the amounts equitably owed to Counter-Claimant and/or to quantify restitution. Legal remedies are inadequate without the transparency of these records.

**WHEREFORE** Counter-Claimant requests that this Court enter an order compelling a complete accounting (with production of all backup statements/contracts for "Worth It" and *Set it Off*); payment of amounts found due; and a constructive trust/equitable lien as appropriate.

### COUNT III—DECLARATORY RELIEF

17. Counter-Claimant incorporates paragraphs 1-9.

18. This is a claim for declaratory relief under 28. U.S.C. § 2201 and the Copyright Act (17 U.S.C. §§ 101, 102).

19. Counter-Claimant contributed original, copyrightable production (including beat and production elements) that was merged into the released "Worth It" sound recording.

20. No signed work-for-hire or written assignment exists; therefore, the default Copyright Act rules apply.

21. Counter-Claimant and Counter-Defendants intended the contributions alleged herein to be merged into a single recording and did so; "Worth It" is thus a joint work, making Counter-Claimant a co-author/co-owner of the sound recording.

22. Absent a contrary written agreement, co-owners hold equal, undivided interests; Counter-Claimant seeks a declaration that he owns 50% of the sound recording "Worth It" (and, to the extent applicable, any protectable production/composition embodied therein), with attendant rights to credit, registration, licensing, and royalties.

**WHEREFORE** Counter-Plaintiff requests this Court to enter an order declaring that Counter-Plaintiff is a co-author and 50% co-owner of the "Worth It" sound recording (and related protectable production/composition contributions), with all attendant rights.

## PRAYER FOR RELIEF (ALL COUNTS)

**WHEREFORE,** Counter-Claimant respectfully requests that judgment be entered in his favor and against Counter-Defendants, and that the Court award the following relief.

A. **Unjust Enrichment**: Restitution/disgorgement of all benefits and proceeds unjustly retained from the exploitation of the sound recording "Worth It."

B. **Accounting:** A decree compelling a full accounting of all monies, consideration, and value derived from "Worth It" and the album *Set It Off* (including label/distributor/DSP statements, advances, side letters, and related agreements), production of all supporting records, and payment of all amounts due upon completion of the accounting;

C. **Declaratory Relief** A declaration under 28 U.S.C. § 2201 and 17 U.S.C. §§ 101, 201(a) that Counter-Claimant is a co-author and 50% co-owner of the "Worth It" sound recording (and, to the extent applicable, protectable production/composition embodied therein), with attendant rights to credit, registration, licensing, and royalties; and payment of all amounts found due upon completion of the accounting;

D. **Interest:** Pre- and post-judgment interest at maximum rates allowed by law.

E. **Costs:** Costs of suit and such further legal and equitable relief as the Court deems just and proper.

## RESERVATION OF RIGHTS

Counter-Claimant reserves all rights to amend, supplement, and/or add claims and parties as discovery proceeds, including, without limitation, claims for conversion, misappropriation, and statutory and other royalty claims as supported by the evidence.

////

////

////

---

ANSWER, AFFIRMATIVE DEFENSE, COUNTERCLAIM, AND
JURY DEMAND OF CHASE DALTON ROSE PKA "CHASETHEMONEY"

8

## DEMAND FOR TRIAL OF CAUSES BY JURY

Counter-Claimant hereby demands trial by jury of all causes so triable.

**LAW OFFICES OF PAUL N. PHILIPS, APLC**

Dated: September 29, 2025     By:  /s/ Paul N. Philips, Esq.
                                   PAUL N. PHILIPS, Esq., Counsel for
                                   CHASE DALTON ROSE p/k/a
                                   "CHASETHEMONEY"

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(2)(i), I, Paul N. Philips, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 29, 2025    By:  /s/ Paul N. Philips, Esq.
                                  PAUL N. PHILIPS

ANSWER, AFFIRMATIVE DEFENSE, COUNTERCLAIM, AND JURY DEMAND OF CHASE DALTON ROSE PKA "CHASETHEMONEY"        10